# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CHARLIE WILSON f/k/a Charles Wilson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.: 6:15-cv-03490 |
| | ) | |
| MICKEY GILLEY, an individual, | ) | |
| | ) | |
| MICKEY GILLEY  INTERESTS,  INC., a | ) | |
| Texas corporation, | ) | |
| | ) | JURY TRIAL DEMANDED |
| OZARK ENTERTAINMENT, INC. | ) | |
| d/b/a The Mickey Gilley Theatre of | ) | |
| Branson, a Missouri corporation | ) | |
| | ) | |
| VARÈSE SARABANDE RECORDS, LLC, | ) | |
| a California Limited Liability Company as | ) | |
| successor to Varese Sarabande, Inc., a | ) | |
| California Corporation | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Charlie C. Wilson, f/k/a Charles L. Wilson, and for his Complaint against all Defendants, states as follows:

### Nature of Case

1.      The instant action centers upon the intentional theft, usurpation and unlawful exploitation by Defendant Mickey Gilley and the other Defendants of an original song entitled "God's Country" which was authored by, and is owned and copyrighted by Plaintiff Charlie Wilson.

Defendant Mickey Gilley is a long-standing, popular and well-known country music artist who has performed, recorded and sold music for at least sixty years throughout the

United States and the world, and who has branded several bars, restaurants and at least one performing venue with his name.

3.      Notwithstanding this success, and despite the fact that Mr. Gilley has always known that the song here in issue was authored and created by Plaintiff Charlie Wilson, Gilley and the other Defendants have repeatedly exploited, performed and sold and/or licensed the Song and have wrongly claimed Defendant Gilley to be the source and author of the Song, providing no attribution to Plaintiff Wilson.

4.      The Defendants have done so periodically and repeatedly and, at a minimum, have done so in connection with at least one multi-song audio compact disc, the song as a standalone product, live performances, and one motion picture film.

5.      They have done so through the sale of physical product, the licensing or sale of the Song for use in the film and audio CD, the subsequent sale or licensing of the CD and/or film to others, and through and for download, streaming technologies, and live performances.

6.      Moreover, the Defendants have repeatedly, willfully and notoriously claimed to the public throughout the United States and worldwide that Defendant Gilley was and is the songwriter and creator of the song here in issue, despite their knowledge that the true source and author of the song was and is Mr. Wilson, and have caused others to do so.

7.      Upon information and belief, the Defendants or some of them have done so by including, or causing others to include, the false attribution of origin of the Song in the credits and promotion of the film, in the credits and promotion of the audio compact disc, on various websites, at Gilley's live performances, and in connection with the sale of the song, the audio compact disc, and the film at Gilley's Theatre and elsewhere, and in other promotion and marketing activities.

{00408859- 3 26965-001}                      2

## The Parties

8.     Plaintiff Charlie Wilson is a songwriter who authored and created the original musical work, comprised of original lyrics and music, entitled "God's Country" in 1986. Hereafter such work is referred to as the "Song."

9.     Defendant Mickey Gilley ("Defendant Gilley") is a professional musician and performer who periodically performs at the Mickey Gilley Theatre in Branson, Missouri within this District, and who took the acts complained of herein, at least in part, in Branson, Missouri and perhaps elsewhere within this District.

10.     Defendant Ozark Entertainment, Inc., d/b/a The Mickey Gilley Theatre of Branson ("Gilley Theatre") is a Missouri corporation located in and which can be found in Branson, Missouri, located in this District.  Gilley Theatre operates the Mickey Gilley Theatre of Branson, and owns it and the Gilley Café located next door, both of which are venues for live music, play recorded, downloaded and/or streaming music, and sell merchandise.  Gilley Theatre presented and sold the Song, and made the false attributions of origin described below, within this District, *inter alia*, via live performance, and sale of the audio compact disc that contains the Song.

11.     According to published schedules, Gilley is performing at the Mickey Gilley Theatre on the day this Complaint is being filed.

12.     Defendant Mickey Gilley Interests, Inc., ("Interests") is a Texas Corporation established by Gilley and through which Gilley operates his business and the businesses of the other Gilley Defendants (as defined below) to the extent the Gilley Defendants are actually independent entities from Gilley, Interests and/or each other.  Interests can be found in this District by and through the actions it takes in this District directly, and through its agents

Defendant Gilley and Gilley Theatre, including the performances by Defendant Gilley, the sales of the audio compact disc by Gilley Theatre, and the website for Gilley Theatre which is copyrighted and maintained in the name of Interests directly.

13.    Interests is a mere instrumentality or an alter ego of Defendant Gilley, and to the extent they are separate persons, Gilley and Interests are reciprocal agents of each other and of Gilley Theatre.

14.    Hereinafter, Defendant Gilley and Interests shall be referred to, together, as "Gilley"

15.    Defendant Varese Sarabande Records, LLC, is a California Limited Liability Company formed in 2012 as a successor to, and as a result of the conversion of, Varese Sarabande, Inc., a California Corporation.

16.    As successor and converted entity, Varese Sarabande Records, LLC is responsible and liable for the acts of the predecessor Corporation. Hereafter the term "Varese" shall be used to refer to actions taken by the predecessor Corporation as well as Varese Sarabande Records, LLC.

17.    Varese is an American record label, distributed by Universal Music Group, which today specializes in film scores and original cast recordings. Varese produced and distributed, sold and, upon information and belief, sells or has authorized others to sell, the audio compact disc containing the Song (referred to below as the "CD") and took steps intending the same to be sold within this District which in fact caused the sale of the same in this District. Upon information and belief, Varese continues to do business in and to sell and distribute goods into this District.

18.    As used herein the "Gilley Defendants" shall mean and refer to Defendant Gilley, Interests, and the Gilley Theater, but not Varese.

**Agents, Instrumentalities, Alter Egos and Co-Conspirators**

19.    Interests is an instrumentality of Defendant Gilley through which Defendant Gilley acts.

20.    Upon information and belief, the Gilley Defendants are alter egos of each other.

21.    If and to the extent the Gilley Defendants are separate entities,

   a.    they are reciprocal agents of each other with respect to the actions and inactions alleged herein.

   b.    Gilley Theatre acts, at least in part, by and through Gilley and Gilley acts, in part, by and through Gilley Theater.

   c.    Defendant Gilley, Mickey Gilley Interests, Inc. and Gilley Theatre are reciprocal agents of each other with respect to the allegations set forth herein, and Gilley Theatre is an instrumentality of Defendant Gilley and Interests.

   d.    All actions and inactions alleged herein of Interests were taken, or were failed to be taken, on behalf of Interests and the Gilley Defendants regardless of the individual taking such actions.

22.    All actions and inactions alleged herein pertaining to the CD, including but not limited to the recording of the Song and the inclusion of the same in that compact disc and the sale, marketing and distribution of copies of the compact disc and/or Song via hard copy or download or streaming, were taken for and on behalf of Gilley and Varese, regardless of the individual acting or failing to act, and all such actions and inactions pertaining to the sale of such compact disc within, by, or under purported authority of the Gilley Music Theatre in Branson,

Missouri were taken for and on behalf of all Defendants, regardless of the individual acting or failing to act.

23.     If and to the extent they are separate entities, the actions and inactions set forth herein were taken as part of a civil conspiracy to which all Defendants were a party; Each of the Defendants, on its own motive, knowingly and voluntarily participated in a common scheme to use the Plaintiff's Song for their mutual commercial advantage by engaging in the actions and inactions below in such a manner as to cross market and benefit from the wrongdoings of each other and each performed overt acts in furtherance of said agreement

24.     The Defendants are thus either considered one entity for the purpose of this litigation or are jointly and severally liable for the wrongdoings of each other.

## Jurisdiction and Venue

25.     This Court has federal jurisdiction under 28 U.S.C. § 1331 as this cause of action concerns claims arising under the Copyright Act (17 U.S.C. §§ 101, et seq.), claims arising under the Lanham Act (15 U.S.C. §§ 1125), and claims arising under 28 U.S.C. § 1338(a) and (b)

26.     This Court has jurisdiction over the state law actions asserted herein pursuant to 28 U.S.C. § 1367.

27.     This Court has personal jurisdiction over each of the several Defendants in that each is transacting or otherwise conducting business within the Western District of Missouri, either directly or through their agents, instrumentalities, alter egos, and/or coconspirators, and that each has committed torts and wrongful acts, either directly or through their agents, instrumentalities, alter egos, and/or coconspirators, which were taken in or had effect felt in the Western District of Missouri and/or because they or their agent can be found here.

28.     The Defendants have each directly or through their agents, instrumentalities, alter egos, and/or coconspirators promoted, advertised, and solicited business, and have conducted and transacted business and sales in this District and have knowingly placed goods into the stream of commerce with knowledge and the intent that they would be sold in this District, by among other things causing copies of the Song, the Movie and the CD to be sold in this District, and have done so with the knowledge that the Song, the Movie and the CD would be downloaded, purchased, shared and listened to by persons in and throughout the Western District of Missouri and with knowledge that and with the intent and/or knowledge that others would copy the content of such Song and Movie within this Western District of Missouri.

29.     Venue is proper in this District pursuant to 28 U.S.C. §1391(a), (b), and (c) and 28 U.S.C. § 1400(a).

### General Allegations

30.     In or before 1986, Plaintiff authored the Song as an integrated work of lyrics and music.

31.     Plaintiff registered his Copyright to the Song with the United States Copyright Office in 1986.  See Exhibit A, attached hereto.[1]

32.     In 1986, non-party Grizzly Productions, Inc. ("GPI") was a production company attempting to finance and produce a film for broad based theatrical release entitled "Grizzly and Grey Otter's Wilderness Adventure" (hereafter the "Proposed In Theater Film")

---

[1] At the time of the creation of the Song and the registration of the Copyright, Plaintiff was known by his birth name, Charles L. Wilson and the Copyright Registration thus reflects that name.  Subsequent thereto, but prior to the filing of this Complaint, Plaintiff legally changed his name to Charlie C. Wilson. Charles L. Wilson and Charlie C. Wilson are the same person and both refer to the Plaintiff herein.

33.     Plaintiff learned of the production and proposed to GPI that he and his Song be used by in or in connection with the Proposed In Theater Film.

34.     GPI wanted Defendant Mickey Gilley to provide the music for the Proposed In Theater Film, rather than Plaintiff, but liked the lyrics and title of the Song and proposed to Plaintiff that Gilley record a song for the Proposed In Theatre Film using different music but the lyrics and title of Plaintiff's Song. [2]

35.     Plaintiff Wilson agreed and gave Gilley access to the Song for that purpose.

36.     After several months of discussions and negotiations, however, GPI informed Plaintiff that the financing for the film project had fallen through and the project was dead.

37.     Thereafter, neither Gilley nor CPI had any further contact with Plaintiff.

38.     Twenty-seven years later, in December 2013, Plaintiff learned that Defendant Gilley would be performing at Lewis and Clark College in Southern Illinois, which was near Plaintiff's home, in the spring of 2014.

39.     Curious about the event, Plaintiff performed an internet search to learn more.

40.     In the course of that search, Plaintiff learned to his shock and surprise, that Gilley had recorded a version of the Song, claiming to be the author thereof, and that in 2003, Defendant Varese and Gilley had created, manufactured, marketed, distributed and sold a ten-song "Invitation Only" audio compact disc which features a Gilley recording of the Song (as the longest song on the CD), and in connection with Gilley was credited as the songwriter, and do

_____

[2] As a result of the desire of GPI to use the Song, Plaintiff signed a document with GPI which purported to assign a partial "undivided" interest in the lyrics and title of the Song, only (i.e. not the music). Under that agreement, if enforceable, Plaintiff remained and is an owner of an undivided interest in the entire lyrics and title component of the Song and the exclusive rights relating thereto and remained and is the sole owner of the music component of the Song and the sole owner of the exclusive rights relating thereto.

not mention Plaintiff at all. (Herein the compact disc is referred to as the "CD", and the version of the Song recorded by Gilley and included thereon is referred to as the "CD Song Version").

41. Moreover, Plaintiff has since learned that Gilley has also repeatedly claimed to be the author thereof, performing and singing various renditions of the Song or parts thereof during live performances at differing venues across the country, including Gilley Theatre's venue and other venues in this District. Gilley has also sold the CD himself, directly, at live performances.

42. Plaintiff has also learned that Gilley caused a separate and different Gilley recording of the Song to be used in a film entitled "The Legend of Grizzly Adams" that was produced by Bulls on the Run Productions in or around 1990 as a straight-to cable home video release. (such film and all digital, video or other forms thereof are referred to herein as "The Movie", and the version of the Song Gilley included in the Movie is referred to as the "Movie Version Song"). The Movie was released in 1990 by Heartland Home video and re-released again in 1995 by Questar. In the credits of both editions of the Movie, Gilley takes credit as the writer, author and originator of the Song, again with no attribution to Plaintiff.

43. At least as recently as May 10, 2015, Gilley Theatre was selling copies of the CD, and thus of the CD Song Version, in its Branson, Missouri location.

44. As of the date of the filing of this Complaint, the CD remains available and it and the CD Song Version are being sold online, and perhaps in stores and/or the Mickey Gilley Theatre, and the CD Song Version is available for download and/or streaming from various sources as well.

45. The Movie, and thus the Movie Song Version, is also available for purchase from various online and "on demand" sources, and may be available in stores as well. It is also still a part of at least one cable/satellite/on demand network's film library.

46.     The CD and Movie, and each source which has sold and/or is selling the same falsely attribute the origin and authorship of the CD Song Version and/or the Movie Song Version to Gilley, and make no reference to Plaintiff.  Gilley has also claimed authorship of the Song and has failed to acknowledge Plaintiff as its source and origin in live performance, including those at Mickey Gilley Theatre in Branson, Missouri.

47.     Plaintiff had no knowledge and gave no consent or authorization for the recording of the Song, the CD Song Version, or the Movie Song Version or for any sales or licensing thereof, or for any live performances thereof by Gilley or others.

### Count I -- Copyright Infringement (CD)

As and for Count I of his Complaint asserted against Defendants Mickey Gilley, Mickey Gilley Interests, Inc., and Varese Sarabande Records, LLC, Plaintiff states as follows:

48.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49.     Plaintiff is the author of the Song "God's Country".

50.     Plaintiff registered the Copyright for the Song in 1986.  *See* Certificate of Registration, attached hereto and incorporated herein as Exhibit A.

51.     The Song constitutes a registered work pursuant to the terms of the United States Copyright Act.

52.     Plaintiff owns and enjoys exclusive rights under the Copyright laws and has complied in all respects with the Copyright Act and with all of the laws of the United States governing copyright.

53.     The actions and inactions of Defendants with respect to the CD,  the recording of the CD Song Version, any purported licensing of the  CD Song Version, and any and all sales,

{00408859- 3 26965-001}                                     10

attempts to sell, or purported authorizations of others to sell or license or attempt to sell or license the CD with the CD Song Version included thereon or the CD Song Version separately, were unauthorized and taken without the knowledge of Plaintiff and were and are violations of the Copyright Act, 17 U.S.C. 106, *et seq*.

54.     Any and all sales, attempts to sell, licensing or authorizations or purported authorizations of persons other than Defendants to license, sell or attempt to sell the CD Song Version who operated, directly or indirectly, under purported authorization of any of the Defendants to do so also constituted and constitute direct, contributory and/or vicarious infringement by the Defendants.

55.     Defendants committed such infringements after the registration of the copyright by Plaintiff and did so knowingly, willfully and intentionally.

56.     The actions and inactions of Defendants, and of those for whom Defendants are contributorily and/or vicariously liable, have caused and are continuing to cause Plaintiff' damages and Defendants have profited and received revenues from their violations of Plaintiff's copyright and are liable for the profits and revenues received by others for which they have contributory or vicarious liable, both of which profits and/or revenues are properly disgorged to Plaintiff.

57.     The Defendants actions and inactions were taken willfully and with knowledge that the Song was subject to copyright protection, in that, among other things, Defendants themselves had registered copyrights to protect various works of similar nature prior to their infringing actions set forth herein.

58.     Plaintiff is also entitled to an award of costs and attorneys fees.

{00408859- 3 26965-001}                                        11

59. Plaintiff is also entitled, alternatively, to the award of statutory damages pursuant to section 17 USC § 504, if he so elects.

60. Further, given the totality of the facts and circumstances, the statutory damages awarded for the infringing action set forth in this Count are properly increased to $150,000.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor and against Defendants Mickey Gilley, Mickey Gilley Interests, Inc., and Varese Sarabande Records, LLC, and determine that none of the Defendants had any right, title or authority to use or purport to authorize or license others to use the copyrighted song at issue, enjoin the Defendants and all those acting in concert with them from taking any further actions to purport to use, perform, record or license the Song or the copyright covering the song and awarding Plaintiff:

     a. Actual damages as proven at trial for copyright infringement pursuant to 17 USC § 504 (a) (1) and (b).

     b. An amount equal to all profits, income, receipts, or other benefit derived by the Defendants and/or by any and all persons who were induced into infringing activity by Defendants.

     c. For punitive damages in an amount sufficient to punish and deter these Defendants and others from the indicated and similar conduct in the future.

     d. Attorneys' fees as available under the Copyright Act, 17 USC §§ 505.

     e. For costs and interest pursuant to the Copyright Act, 17 USC § 505.

     f. Statutory damages pursuant to the Copyright Act, 17 USC § 504 in amounts established by the Jury, if and when elected by Plaintiff.

     g. For other and further relief as this Court deems just and proper.

Case 6:15-cv-03490-JTM   Document 1   Filed 11/16/15   Page 12 of 21

## Count II -- Copyright Infringement (Live Performances)

As and for Count II of his Complaint alleged against Defendants Mickey Gilley, Mickey Gilley Interests, Inc., and Ozark Entertainment, Inc., d/b/a The Mickey Gilley Theatre of Branson, Plaintiff states as follows:

61.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62.     The actions and inactions of Defendants set forth in this Complaint in performing or allowing, marketing, selling and causing live performances of the Song by Defendant Gilley and/or others, were each an act of direct copying of the Song, were unauthorized and taken without the knowledge or consent of Plaintiff and are violations of the Copyright Act, 17 U.S.C. 106, *et seq*, and constitute direct, contributory and/or vicarious infringement by the Defendants.

63.     Defendants committed such infringement after the registration of the copyright by Plaintiff and did so knowingly, willfully and intentionally.

64.     The violations of Defendants have caused and are continuing to cause Plaintiff' damages and Defendants have profited and received revenues from their violations of Plaintiff' copyrights as set forth above and proven at trial, which profits and/or revenues are properly disgorged to Plaintiff..

65.     The actions and inactions of Defendants, and of those for whom Defendants are contributorily and/or vicariously liable, have caused and are continuing to cause Plaintiff damages and Defendants have profited and received revenues from their violations of Plaintiff's copyright and are liable for the profits and revenues received by others for which they have contributory or vicarious liable, both of which profits and/or revenues are properly disgorged to Plaintiff.

Case 6:15-cv-03490-JTM   Document 1   Filed 11/16/15   Page 13 of 21

66. The Defendants actions and inactions were taken willfully and with knowledge that the Song was subject to copyright protection, in that, among other things, Defendants or some of them had themselves registered copyrights to protect various works of similar nature prior to their infringing actions set forth herein.

67. Plaintiff is also entitled to an award of costs and attorneys fees.

68. Plaintiff is also entitled, alternatively, to the award of statutory damages pursuant to section 17 USC § 504, if he so elects.

69. Further, given the totality of the facts and circumstances, the statutory damages awarded for the infringing action set forth in this Count are properly increased to $150,000.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor and against Defendants Mickey Gilley, Mickey Gilley Interests, Inc., and Ozark Entertainment, Inc., d/b/a The Mickey Gilley Theatre of Branson, determine that none of the Defendants had any right, title or authority to use or purport to authorize or license others to use the copyrighted song at issue, enjoin the Defendants and all those acting in concert with them from taking any further actions to purport to use, perform, record or license the Song or the copyright covering the song and awarding Plaintiff:

h. Actual damages as proven at trial for copyright infringement pursuant to 17 USC § 504 (a) (1) and (b).

i. An amount equal to all profits, income, receipts, or other benefit derived by the Defendants and/or by any and all persons who were induced into infringing activity by Defendants.

j. For punitive damages in an amount sufficient to punish and deter these Defendants and others from the indicated and similar conduct in the future.

k.  Attorneys' fees as available under the Copyright Act, 17 USC §§ 505.

l.  For costs and interest pursuant to the Copyright Act, 17 USC § 505.

m.  Statutory damages pursuant to the Copyright Act, 17 USC § 504 in amounts to be determined by the Jury for EACH separate performance of the Song by Gilley (Gilley Theater being jointly responsible and liable for damages relating to those performances which it promoted, sold and marketed under its auspices) if and when elected by Plaintiff.

n.  For other and further relief as this Court deems just and proper.

### Count III -- Copyright Infringement (The Movie)

As and for Count III of his Complaint against Defendants Mickey Gilley and Mickey Gilley Interests, Inc., Plaintiff states as follows:

70.  Plaintiff realleges and incorporates by reference Paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71.  Gilley recorded a different and separate version of the Song for use and inclusion in the Movie (the "Movie Song Version") and such Movie Song Version was included in the Movie, and the Movie Song Version was then performed, sold, licensed and distributed as part of the Movie at the specific direction, instruction and purported authorization of Gilley, and such performance, sales, licenses, distributions and all other uses were unauthorized and without the knowledge and consent of Plaintiff, were and are violations of the Copyright Act, 17 U.S.C. 106, *et seq*, and constitute direct, contributory and/or vicarious infringement by Gilley.

72.  Gilley committed such infringement after the registration of the copyright by Plaintiff and did so knowingly, willfully and intentionally, and Gilley knew that the Song was

subject to copyright in favor of Plaintiff when he took such actions and directed, authorized and allowed such actions to be taken by others.

73. The violations of Gilley have caused and are continuing to cause Plaintiff damages and Gilley and those for whom he is contributorily and/or vicariously liable have profited and received revenues from their violations of Plaintiff copyrights as set forth above and proven at trial, which profits and/or revenues are properly disgorged to Plaintiff.

74. Plaintiff is entitled to an award of costs and attorneys fees.

75. Plaintiff is also entitled, alternatively, to the award of statutory damages pursuant to section 17 USC § 504, if and when he so elects.

76. Further, given the totality of the facts and circumstances, the statutory damages awarded for the Action of creating the Movie Song Version and causing the same to be included in, and distributed, sold, performed and licensed with such Movie are properly increased to $150,000.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor and against Defendants Mickey Gilley and Mickey Gilley Interests, Inc, determine that none of the Defendants had any right, title or authority to use or purport to authorize or license others to sell the copyrighted Song in and as part of the Movie, enjoin the Defendants and all those acting in concert with them from taking any further actions to purport to sell the Song in and as part of the Movie and awarding Plaintiff:

    o. Actual damages as proven at trial for copyright infringement pursuant to 17 USC § 504 (a) (1) and (b).

p. An amount equal to all profits, income, receipts, or other benefit derived by the Defendants and/or by any and all persons who were induced into infringing activity by Defendants.

q. For punitive damages in an amount sufficient to punish and deter these Defendants and others from the indicated and similar conduct in the future.

r. Attorneys' fees as available under the Copyright Act, 17 USC §§ 505.

s. For costs and interest pursuant to the Copyright Act, 17 USC § 505.

t. Statutory damages against Defendant Gilley and Interests pursuant to the Copyright Act, 17 USC § 504 in amounts as determined by the jury, if and when elected by Plaintiff

u. Statutory damages pursuant to the Copyright Act, 17 USC § 504 in amounts as determined by the Jury against Interests and Gilley Theater, for each sale by Gilley Theater of a copy of the Movie, if and when elected by Plaintiff.

v. For other and further relief as this Court deems just and proper.

### Count IV -- Violations of the Lanham Act, 15 U.S.C. 1125, et seq., for False Advertising, False Endorsement and/or Unfair Competition

Plaintiff, for their claims of violations of the Lanham Act under 15 U.S.C. 1125 against Defendants Mickey Gilley, Mickey Gilley Interests, Inc., Ozark Entertainment, Inc., d/b/a The Mickey Gilley Theatre of Branson, and Varese Sarabande Records, LLC, state as follows:

77. Plaintiff realleges and incorporate by reference paragraphs 1 through 74 of this Complaint as if fully set forth herein.

78. In pertinent part, 15 U.S.C. 1125 §43(a) provides as follows:

(a)(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination

thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of its or her goods, services, or commercial activities by another person, or

> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of its or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act. See 15 U.S.C. § 1125, §43.

79.     Defendants intentionally, wilfully, knowingly and wrongfully, are using, advertising and selling the originality of Plaintiff' product by claiming the Song was produced solely by themselves and falsely listing (or refusing to list) proper credit to Plaintiff on their products or packaging materials and in promotion of live performances of the Song, thus falsely designating the originality as their own and the product as solely their own.

80.     By so doing, such Defendants are causing mistake, confusion and deception as to the true origin of such products and the originality of such products, and have falsely and deceptively advertised and promoted such products.

81.     Such Defendants have also intentionally, willfully, knowingly and wrongfully advertised, distributed and promoted the Song without the consent, express or implied, permission, or authorization of the Plaintiff and as such, have misrepresented the nature and relationship between Plaintiff and Defendants and Defendants products.

82.     Further, Defendants have failed to properly credit the Plaintiff as the true creator of and origin of the Song, and have intentionally refused to identify Plaintiff as the true creator of the Work.

83.     Upon information and belief, consumers have been confused as to the origins of the Song which has been falsely attributed to be the work of Defendants.

84.     Plaintiff have been and will continue to be injured as a result of the false advertisements made by said Defendants, and its agents and representatives, and Defendants are properly held liable for such damages and to disgorge their profits.

85.     The actions of Defendants were deliberate and willful.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in its favor and against the Defendants and make an award to Plaintiff:

a.  For actual damages pursuant to 15 U.S.C. 1117 (a) (2).

b.  For an accounting of all profits, income, receipts, or other benefit derived by Defendants pursuant to 15 U.S.C. 1117 (a) (1).

c.  For a reasonable royalty, if so elected by Plaintiff

d.  Treble damages and an amount to be determined by this Court to be just as provided by 15 U.S.C. 1117 (a) (3).

e.  Attorneys' fees as provided by 15 U.S.C. 1117 (a) (3).

f.  For costs as provided by 15 U.S.C. 1117 (a) (3).

g.  For other and further relief as this Court deems just and proper.

### Count V -- Violations of the Missouri Merchandising Practices Act

Plaintiff, as and for his claim for violations of the Missouri Merchandising Practices Act against Defendants Mickey Gilley, Mickey Gilley Interests, Inc., Ozark Entertainment, Inc., d/b/a The Mickey Gilley Theatre of Branson, and Varese Sarabande Records, LLC, states as follows

86. Plaintiff realleges and incorporate by reference paragraphs 1 through 47 of this Complaint as if fully set forth herein.

87. Pursuant to the facts set forth above, Defendants misrepresented, deceived, and suppressed Plaintiff from recognition in connection with the sale of the Song, the CD version of the song, and the Movie version of the Song

88. The misrepresentations occurred in connection with sale of merchandise in trade and commerce.

89. In connection with the sales of goods, Defendants made false statements and representations in connection with the goods sold to consumers.

90. The deceptive conduct by the Defendants has caused and will continue to cause a likelihood of confusion or misunderstanding as to the affiliation or association of Plaintiff and disparage the business and goodwill of the Plaintiff by providing consumers with false and misleading information.

91. As a result of Defendants' acts of unfair competition as alleged above, Plaintiff will suffer and has suffered a loss of business, profits, goodwill, and reputation in amounts that are yet unascertained, and Defendants are liable to Plaintiff for costs and attorney fees, in addition to all injunctive relief pursuant to law.

WHEREFORE, for the foregoing reasons, Plaintiff demand judgment against Defendants as a result of their deceptive practices and relief for all harm incurred as a result of the deceptive and unfair practices of the Defendants, and demand costs and attorneys fees, and any other relief this Court deems just and proper.

## DEMAND FOR A TRIAL BY JURY.

Plaintiff hereby respectfully request a trial by jury for all claims and issues raised in its Complaint that may be entitled to a jury trial.

### RIEZMAN BERGER, P.C.

/s/ Nelson L. Mitten
Nelson L. Mitten , 35818MO
-and -
Charles S. Kramer, 34416MO (Not admitted in District)
Joseph Schneider, 57484MO (Not admitted in District)
7700 Bonhomme Avenue
Seventh Floor
St. Louis, Missouri 63105
(314) 727-0101 (phone)
(314) 727-6458 (fax)
mitten@riezmanberger.com
ckramer@riezmanberger.com
schneider@riezmanberger.com